IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EAGLE TECHNICAL RESOURCES, INC, ET AL. | * * * * | |
| v. | * * | Civil No. – JFM-10-2722 |
| CGI FEDERAL INC, ET AL. | * ****** | |

# MEMORANDUM

Eagle Technical Resources, Inc. ("Eagle") and Jane Rudaitis, the owner of Eagle, have brought this action against CGI Federal Inc. and Amer Technology, Inc. They assert claims for breach of contract, unjust enrichment, fraud, promissory estoppel and negligent misrepresentation. Defendants have filed motions to dismiss the first amended complaint. The motions will be granted.[1]

My reasons for granting the defendants' motions may be briefly stated.

<u>Claims Against CGI Federal Inc.</u>

Plaintiffs' breach of contract claims asserted in Count I arise under a "First Agreement" and a "Second Agreement." According to plaintiff's own allegations, the "First Agreement" was contingent upon CGI winning the first bid issued by the U.S. Department of Health and Human Services for implementation of the Medicare Advantage Prescription Drug system of the Centers for Medicare & Medicaid Services. As the allegations in the amended complaint also make clear, CGI did not win the First Bid.

Therefore, no contract claim can be asserted under the First Agreement. As to the Second Agreement, plaintiffs make no plausible allegations that CGI was a party to the alleged contract.

---

[1] I earlier entered an order granting motions to dismiss filed by the defendants as to the original complaint. I vacated that order when plaintiffs filed their first amended complaint.

If in fact there was any binding agreement,[2] by its terms the Second Agreement was between Eagle and Amer. Although plaintiffs made conclusory allegations that Amer was acting as an agent for CGI in connection with the Second Agreement, it made no allegations that would render the claim plausible.[3] *See generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The other claims asserted by plaintiffs against CGI are equally flawed. Plaintiffs have made no allegations to support any claim that CGI was, as asserted in Count II, unjustly enriched at the expense of plaintiffs. Moreover, the damages asserted by plaintiffs are essentially ones for breach of contract, not unjust enrichment.

Plaintiffs' claims for fraud asserted in Counts III and IV fail because no credible allegation is made by plaintiffs that at the time CGI made the statements upon which the fraud claims are based CGI believed the statements to be false or acted with a reckless disregard for their truth or that CGI made the statement for the purpose of defrauding the plaintiffs. *See generally Thompson v. Countrywide Home Loan Servicing, LP*, Civil No. L-09-2549, 2010 WL 1741398, at *3 (D. Md. Apr. 27, 2010).

Plaintiffs' negligent misrepresentation claim (Count VII) fails for the same reason as Counts III and IV fail and for the additional reason that "promises are not actionable under a theory of negligent misrepresentation." *D&G Flooring, LLC v. Home Depot U.S.A., Inc.*, 346 F. Supp. 2d 818, 822 (D. Md. 2004).

---

[2] It is not at all clear that the Second Agreement ever came into being. Plaintiffs do not allege that it was finalized and, at the least, one material term – the amount of compensation to be received by plaintiffs – was never resolved. I will not decide the binding nature of the Second Agreement, however, because under Section 17 and 19(g) if plaintiffs want to pursue their claims, they are to do so in arbitration and litigation brought in the state or federal courts of the State of Texas.

[3] Plaintiffs' allegations of agency are based upon statements made by CGI during the so-called "Orals" that were held in connection with the Second Bid. Slides presented at the Orals submitted by CGI in connection with its motion to dismiss establish that the term "partners" or "agents" was never used in identifying the relationship between CGI and Amer. Of course, even if plaintiffs' allegations were sufficient to establish an agency relationship between CGI and Amer, plaintiffs would have to pursue their claims against CGI in arbitration and litigation in Texas.

Plaintiffs' promissory estoppel claim (Count VI) must be dismissed because plaintiffs fail to allege that reliance on defendants' alleged promises was reasonable. *See id.* at 823-24. The Second Agreement states, "Sub-Contractor [Eagle] may provide services for others and through other brokers." In light of this contractual language, plaintiffs' subsequent decision to "mak[e] themselves unavailable to accept contracts from others" was objectively unreasonable. *See id.*; *G & M Oil Co. v. Glenfed Financial Corp.*, 782 F. Supp. 1085, 1091 (D. Md. 1991).

Finally, plaintiffs' claim for breach of the implied covenant of good faith and fair dealing is not legally cognizable because under Maryland law [a] plaintiff seeking a recovery for breach of contract may not . . . assert a separate claim for breach of the covenant of good faith and fair dealing implied in that contract." *ABT Associates, Inc. v. Jhpiego Corp.*, 104 F. Supp. 2d 523, 534 (D. Md. 2000).[4]

Claims Against Amer

Plaintiffs' breach of contract claim against Amer under the First Agreement fails for the same reason (the Agreement was contingent upon CGI being awarded the First Bid, an event that never happened) as does the parallel claim against CGI. As for plaintiffs' breach of contract claim arising under the Second Agreement, as earlier noted, if the Second Agreement did come into being, plaintiffs agreed to arbitrate any claims arising under the agreement in arbitration and litigation in Texas. The arbitration clause is broad enough to cover the related tort claims asserted by plaintiffs against Amer. Therefore, those claims must be dismissed as well.[5]

A separate order granting defendants' motions to dismiss and dismissing this action is

---

[4] In their opposition to the motion to dismiss, plaintiffs have not made any argument that their claim for breach of an implied covenant of good faith and fair dealing is cognizable. They have argued that they have a cognizable claim for tortious interference with expectations but no such claim is asserted in the amended complaint.

[5] If plaintiffs do arbitrate their breach of contract claims against Amer under the Second Agreement and the arbitrator determines that the Second Agreement never came into effect, plaintiffs' tort claims against Amer would fail for the same reasons as do their parallel claims against CGI.

being entered herewith.

Date: February 23, 2011        /s/
                               J. Frederick Motz
                               United States District Judge